Dear Representative Miller:
This opinion is in response to your questions concerning the election of trustees for East Central College. You state your questions as follows:
 In light of the Policy and the Statute [Section 178.820, RSMo 1986], does running "at-large" deal only with who has a right to vote for candidates? Or does the terminology "at-large", even though there are Sub-Districts, do away with the candidacy requirement in Sub-Districts that the candidate be a voter of the Sub-District for one (1) year next preceding the election?
Several years ago, following the procedure set out in Section 178.820, RSMo 1986, the Junior College District of East Central Missouri obtained the approval of the Coordinating Board for Higher Education for a redistricting plan. A redistricting plan may incorporate one of three redistricting options set forth in subsection 2 of Section 178.820:
 (1) Each trustee may be elected only by the voters of his or her particular subdistrict;
 (2) One or more trustees may be elected at large and the remainder from subdistricts;
 (3) The trustees may be elected at large with the requirement that each must reside in a certain subdistrict.
As the following quotation from the plan demonstrates, East Central chose the third of the redistricting options:
 This redistricting plan proposes that the East Central Junior College District shall be divided into three subdistricts, each comprised of contiguous territory and of substantially equal population. This means that two trustees will be elected from each subdistrict.
 The plan provides that the subdistricts will be only used for filing purposes and that the election of trustees will continue to be on an at-large basis as provided for in statute 178.820. Page 2 of the Plan.
Qualifications of trustees are provided as follows in subsections 2, 4 and 5 of Section 178.820:
 2. The redistricting plan . . . may provide . . . for the election of all the trustees at large with the requirement that each must reside in a certain subdistrict . . . .
 4. Any person running for election as a trustee of a subdistrict shall be domiciled and a resident therein. . . . Upon approval, the redistricting plan shall become effective and all trustees elected thereafter shall be required to be elected from subdistricts in which they are resident. . . .
 5. Candidates for the office of trustee shall be citizens of the United States, at least twenty-one years of age, who have been voters of the district for at least one whole year preceding the election, and if trustees are elected other than at large they shall be voters of the subdistricts for at least one whole year next preceding the election. . . . .
(Emphasis added.)
Your question is whether the above underlined portion of subsection 5 requires trustees from the subdistricts in East Central's plan to be voters of their respective subdistricts for at least one whole year next preceding the election.
The answer is that this requirement is not applicable to trustees under the third redistricting option. This requirement applies only when a redistricting plan has adopted the first or second of the options. (In the case of the second option, the requirement would apply only to "the remainder [of the trustees] from subdistricts"). The language of the requirement in subsection 5 about being a voter of a particular subdistrict for at least one whole year next preceding the election specifically excepts from its coverage trustees elected "at large". The phrase "at large" is the same phrase used to describe the trustees elected under the third option in subsection 2 ("election of all the trustees at large with the requirement that each [trustee] must reside in a certain subdistrict") which is the option incorporated into the redistricting plan in question. When "the same term [is] used in different parts of the same statute [it] should be given the same interpretation."United States v. Brunett, 53 F.2d 219, 234 (Mo. 1931), accord,Huff v. Union Electric Company, 598 S.W.2d 503, 511 (Mo.App. 1980). Therefore, the exception for "at large" trustees in subsection 5 refers to the same "at large" trustees described in the third option in subsection 2. This conclusion is supported by the fact that the legislature wrote a subdistrict residence requirement into the third option ("each [trustee] must reside in a certain subdistrict") — words which would have been redundant if the subdistrict voter requirement of subsection 5 were applicable.
Conclusion
It is the opinion of this office that a candidate for trustee of East Central College is not required by Section178.820.5, RSMo 1986, to have been a voter of his or her particular subdistrict for at least one whole year next preceding the election.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General